■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD J. ROBERTS, Appellant.—Casey, J. Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered May 18, 1984, which revoked defendant's probation and imposed a sentence of imprisonment.

In March 1982, defendant was convicted of attempted burglary in the second degree, a class D felony, and was sentenced to a period of five years' probation. On May 18, 1984, defendant was convicted of the crimes of robbery in the first degree and robbery in the second degree, class B and C felonies, and was sentenced as a second felony offender to indeterminate prison terms of 12½ to 25 and 7½ to 15 years on the two counts, the sentences to run concurrently. We affirmed the robbery convictions *(People v Roberts,* 122 AD2d 436).

The underlying burglary conviction, for which he was on probation at the time he committed the robberies, served as the predicate felony conviction. In addition, County Court held a hearing to determine whether, based upon the robbery convictions, defendant had violated the conditions of his probation. As a result of the hearing, defendant's probation was revoked and he was sentenced on the burglary conviction to a prison term of 2⅓ to 7 years, and the court directed that this latter sentence run consecutively to the sentences on the robbery convictions. Defendant contends, *inter alia,* that

County Court abused its discretion in sentencing him. We agree.

Defendant, 21 years old at the date of the sentencing herein, does not have a lengthy criminal record. According to the presentence report, defendant's only conviction other than those discussed above is for criminal mischief, a misdemeanor. He received the maximum possible sentences for the robberies, enhanced due to the prior burglary conviction (see, Penal Law § 70.06). The record, including the presentence report, contains nothing which would justify further extending defendant's incarceration by making the 2⅓ to 7-year term imposed upon revocation of probation run consecutively. Indeed, County Court made no attempt to provide a rationale for consecutive sentences. Our review of the record establishes that concurrent sentences are appropriate. The judgment should be modified accordingly.

Judgment modified, as a matter of discretion in the interest of justice, by deleting so much thereof as directed that the sentence run consecutively to the sentence imposed upon the robbery convictions; it is directed that said sentences run concurrently; and, as so modified, affirmed. Mahoney, P. J., Kane, Casey and Levine, JJ., concur.